ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
APR - 4 2006
U.S. COURT OF FEDERAL CLAIMS

**LOCUS TELECOMMUNICATIONS, INC.**
111 Sylvan Avenue
Englewood Cliffs, New Jersey 07632

Plaintiff,

v.

**THE UNITED STATES OF AMERICA**
**Serve:**
United States Attorney General
Alberto R. Gonzales
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

**Serve:**
United States Attorney for the District of Columbia
Kenneth L. Wainstein
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Defendant.

NO. 06-277 T

**COMPLAINT**

Comes the Plaintiff, Locus Telecommunications, Inc., by counsel, and for its complaint against the United States of America ("Defendant") herein alleges as follows:

1. Plaintiff brings this action under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§6532 and 7422), for recovery of: (i) the federal excise tax ("FET") Plaintiff paid to the Defendant with respect to each of the taxable calendar quarters beginning with the taxable calendar quarter ending March 31, 2004 and for each successive taxable calendar quarter to and including the taxable calendar quarter ending March 31, 2005 (specifically referred to hereinafter as the "2004-2005 Claims" and generally as

"Tax Quarter," and collectively, "Tax Quarters"); (ii) the statutory interest on the FET paid in each Tax Quarter; and (iii) reasonable attorney's fees.

2. A Complaint based on the 2004-2005 Claims was filed in this Court on November 7, 2005, Case No. 05-1184T and is incorporated herein for reference (the "November 2005 Complaint"). On March 15, 2006, Plaintiff stipulated to the dismissal of the 2004-2005 Claims without prejudice from Case No. 05-1184T to avoid unnecessary litigation over whether these claims were denied by the IRS by the issuance of its Notice of October 20, 2005 in which it announced that all claims for refunds of the FET were not to be processed and that the IRS expected these FET to be paid notwithstanding the numerous court decisions that have unanimously ruled that Congress did not authorize the collection of the FET as insisted on by the IRS.

**THE PARTIES**

3. Plaintiff is a New Jersey corporation with its offices located at 111 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

4. Plaintiff's Employer Identification Number is 223488343, which is reflected on all its federal tax returns and claim forms as described below.

5. The Defendant is the United States of America.

**JURISDICTION**

6. Jurisdiction is conferred upon this Court by Title 28, Section 1346(a)(1) of the United States Code. 28 U.S.C. § 1346(a)(1).

**RELIEF SOUGHT**

7. Plaintiff seeks to recover the entire amount of FET paid in the Tax Quarters, plus interest on each Tax Quarter's FET amount paid as provided by law.

8. During each Tax Quarter, Plaintiff timely filed its FET returns on Form 720 with the Internal Revenue Service ("IRS").

9. During each Tax Quarter, Plaintiff paid the FET in full.

10. Plaintiff paid all FET based on its understanding that FET were due and owing to the United States under the Internal Revenue Code ("IRC"), Title 26 of the United States Code.

11. Plaintiff's understanding was based on the provisions of IRC § 4251(a) that imposes an excise tax on the amounts paid for "communications services," by the "person paying for such services." IRC § 4251(a)(2).

12. Only those communications services described in § 4252(a), (b) and (c) of the IRC are subject to the FET on communications services. IRC § 4251 (a), (b) and (c).

13. IRC section 4251(b)(1)(B) defines "communications services" to include "toll telephone service."

14. A communications service is a "toll telephone service" subject to the FET if it falls into one of the categories listed in either IRC § 4252(b)(1) or § 4252(b)(2).

15. IRC § 4252(b)(1) defines the term "toll telephone service" as a "telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance **and** elapsed transmission time of each individual communication and (B) the charge is paid within the United States." IRC § 4252(b)(1) (emphasis added).

16. Plaintiff paid the charges for its communications service, but the charges Plaintiff paid for such services did not vary in amount with the distance each communication covered as required by IRC § 4252(b)(1)(A).

17. The communications services for which Plaintiff paid and on which it paid the FET for which it filed for refunds with the IRS are not "local telephone service" or

"teletypewriter exchange service." IRC § 4252(a) and (c).

18. Accordingly, the communications services on which Plaintiff paid the charges and the FET based on those charges are not communications services that are subject to the FET by express provisions of the IRC.

19. Plaintiff may file for refunds within three years after its tax returns are filed.

**The 2001-2003 Claims**

20. For purposes of clarity, the background on Plaintiff's Claims for Refund of Excise Tax for 2001-2003, seeking in the aggregate, the amount of $9,287,877.78, that covered the calendar quarter ending March 31, 2001 and each successive calendar quarter to and including December 31, 2003 is set forth in paragraphs 19 through and including 26 of the November 2005 Complaint.

**The 2004 and First Quarter 2005 Claims**

21. On May 16, 2005, Plaintiff filed five IRS Forms 8849, claims for refunds, in the aggregate amount of $8,142,011.54, serving Internal Revenue Service Center in Cincinnati, Ohio for the calendar quarter ending March 31, 2004 and for each successive calendar quarter to and including March 31, 2005. A true copy of each IRS Form 8849 so filed is attached as *Plaintiff's Exhibit 1* (referred to through Paragraph 24 only as the "2004/5 Claim").

22. An informal request for more information in support of the 2004/5 Claim was received by phone on or about July 25, 2005 from the IRS Office in Sheffield, New Jersey. *Helein Cert.* at ¶ 8.

23. On July 29, 2005, the information requested was submitted to the IRS Office in Sheffield, New Jersey. A true copy of the submission in its entirety is attached as *Plaintiff's Exhibit 2.*

24. To date, no action has been taken on the application for refund of the FET paid for 2004 and the first quarter of 2005.

**The April 2005 Claim**

25. On May 26, 2005, Plaintiff filed one IRS Form 8849, claim for refund, in the amount of $469,000.00, serving Internal Revenue Service Center, Cincinnati, Ohio covering the calendar month of April 2005. A true copy the IRS Form 8849 so filed is attached hereto, marked as *Plaintiff's Exhibit3* (hereinafter referred to as the "April 2005 Claim").

26. On August 2, 2005, the IRS Office sent a notice that it could not process the April 2005 Claim because it was submitted specifying only the month of April 2005 as the tax period instead of the entire second calendar quarter. A true copy of the IRS Notice is attached as *Plaintiff's Exhibit 4.*

27. On August 12, 2005, a corrected filing was made with the IRS. A true copy of this filing is attached as *Plaintiff's Exhibit 5.*

28. To date no action have been taken on the application for refund of the FET paid for the April 2005 Claim.

**Current Status of Claims**

29. Each of the two sets of claims for refunds for 2004 and April 2005 have been filed with the IRS according to the laws and regulations of the Internal Revenue Service and Secretary of Treasury and meet the requirements of IRC §§ 6532 and 7422.

30. Other than the procedural matters to perfect or correct the technicalities of the filings, to date no action has been taken to refund any of Plaintiff's FET payments.

31. On May 10, 2005, the 11th Circuit in the *ABIG* case decided in favor of the FET taxpayer, that is, that the FET does not apply to toll telephone service that is not charged based on both duration and distance.

32. Based on this decision and the fact that more than a year had passed since the 2001-2003 Claim had been filed without any substantive action by the IRS and in despite of the 11th Circuit's favorable decision, it was decided to bring an action to obtain a judgment sustaining the Plaintiff's right to the refunds for which it had applied. *Helein Cert.* at ¶ 9.

33. On May 16, 2005, pursuant to 26 U.S.C. § 7422(a), a letter was sent to the United States Department of Treasury, Washington, D.C., ("Treasury") demanding the grant of the claims for refunds for the 2001-2003 Claim. A true copy of Plaintiff's May 16, 2005 letter is attached as *Plaintiff's Exhibit 6. Id.*

34. On June 15, 2005, Treasury responded by letter indicating that it had referred Plaintiff's May 16th letter demand to the IRS. A true copy of Treasury's June 15, 2005 letter is attached as *Plaintiff's Exhibit 7.*

35. To date, the IRS has taken no specific action in response to Treasury's June 15th referral of Plaintiff's May 16th demand letter.

36. The actions relevant to the 2004-2005 Claims the IRS did take after June 15th are listed in paragraphs 22 and 26 above.

37. As recounted there-in-above, those actions indicate that IRS was routinely processing the two sets of Plaintiff's applications for refund at least to the point of having them perfected procedurally and complete as to all necessary information.

38. Given the 11th Circuit's favorable decision, and the lapse of time involved, Plaintiff's counsel then made another telephone status check on the application for refunds for the 2001 to 2003 period. *Helein Cert.* at ¶ 10.

39. Plaintiff's counsel contacted IRS agent, John Tauriello, in the Sheffield, New Jersey office on or about July 25, 2005. *Id.* at ¶¶ 10 and 11.

40. In the ensuing discussion, Plaintiff's counsel understood IRS Agent Taureillo to advise that the IRS was processing the applications for refunds for this 2001 to 2003 period. *Id.* at ¶¶ 12 and 13.

41. Plaintiff's counsel's understanding of his conversation with Agent Taureillo that the refunds were at last being processed for grant was based on the context of that discussion, the 11th Circuit's decision and IRS Agent Adeniji's advice in 2004 that IRS policy on issuing refunds hinged on the 11th Circuit's decision. *Id.* at ¶ 14.

42. Based on this understanding, Plaintiff ceased its preparation of an action to establish its rights to the refunds in anticipation that such action was no longer necessary. *Id.* at ¶¶ 15 and 16.

43. After several weeks passed with no further word, on or about September 9, 2005, Plaintiff's counsel made a further status check by telephone to Agent Taureillo. *Id.* at ¶ 17.

44. Agent Taureillo returned the September 9, 2005 call of Plaintiff's counsel on or about September 12, 2005 and advised that despite the 11th Circuit's decision and the fact that the IRS had chosen not to appeal that decision, IRS policy had reverted, and that no telecommunications excise tax refund claims would be acted upon until other pending litigation on the right to refunds on such FET had completed the appellate process. *Id.* at ¶ 18.

45. On October 20, 2005, IRS made its supense policy public by issuing a Notice that based on the fact the Defendant has appealed five similar federal excise tax refund cases, and ignoring the 11th Circuit's decision, even as to taxpayers in the 11th Circuit, IRS would forestall making any refunds. A true copy of the IRS Notice is attached as *Plaintiff's Exhibit 8.*

46. Although more than 6 months has expired from the dates of the filings of the applications for refund listed in paragraph 21 preceding, the Internal Revenue Service has not allowed nor taken any action with respect to the Plaintiff's 2004-2005 Claims.

47. Based on the June 15, 2005 Treasury Letter on the 2001-2003 Claims, the lack of any IRS action on the 2004-2005 Claims since they were filed, the IRS Notice of October 20, 2005, the defense of the November 7, 2005 Complaint, the facts that the parties, legal issues and facts of the payment of FET (other than the payment periods themselves) are identical, it is clear that despite express written notices having been made of Plaintiffs 2004-2005 Claims, the Defendant will take no action to process Plaintiff's 2004-2005 Claims for refund.

48. Plaintiff has overpaid its Federal excise tax for the calendar years 2004 and the first quarter of 2005.

49. Defendant has refused and continues to refuse to refund any part of those overpayments.

50. Defendant's failure to grant the applications and make the refunds is arbitrary, capricious, and contrary to law.

WHEREFORE, Plaintiff demands judgment and other relief against Defendant as follows:

(a) Judgment for the sum of $8,142,011.54;

(b) Judgment for interest on the aforesaid sum as allowed by law;

(c) Judgment for attorney's fees and other costs herein expended; and

(d) All other relief to which Plaintiff may be entitled.

April 3rd, 2006

Charles H. Helein
Attorney for Plaintiff

The Helein Law Group, P.C.
8180 Greensboro Drive
Suite 700
McLean, VA 22102
703-714-1300
703-714-1330 (fax)
chh@thlglaw.com

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LOCUS TELECOMMUNICATIONS, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **NO.** ______________ |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**CERTIFICATION**

I, Charles H. Helein, hereby certify this 3rd day of April 2006, as follows:

1. I, and the law firm, The Helein Law Group. P.C., are legal counsel (hereinafter "Helein" and "Firm," respectively; all personal pronouns refer to Helein) to Locus Telecommunications, Inc.'s ("Locus" or "Plaintiff"), and this certification is based on my personal knowledge acquired in that capacity.

2. As counsel, this Firm determined that the communications services for which Locus paid the charges and on which it paid the Federal Excise Tax ("FET") were not "toll telephone service" under the express definition of Internal Revenue Code section 4251(b)(1)(B) nor "local telephone service" or "teletypewriter exchange service" under the express definitions of Internal Revenue Code section 4252(a) and (c).

3. As counsel, this Firm determined that Plaintiff did not owe FET on the communications services it received.

4. As counsel, the Firm prepared the applications and subsequent submissions for refunds of FET paid by Plaintiff (collectively, the "FET Refund Claims") for the taxable calendar quarters beginning with the taxable calendar quarter ending March 31, 2004 and for

each successive taxable calendar quarter to and including the taxable calendar quarter ending March 31, 2005 ("Relevant 2004/5 Tax Quarters").

5. As counsel, the Firm previously prepared the applications and subsequent submissions for refunds of FET for the taxable calendar quarters beginning with the taxable calendar quarter ending March 31, 2001 and for each successive taxable calendar quarter to and including the taxable calendar quarter ending December 31, 2003 ("2001/3 Tax Quarters").

6. A Complaint based on the 2001/3 Tax Quarters together with the Relevant 2004/5 Tax Quarters was filed with this Court on November 7, 2005, Case No. 05-1184T.

7. On March 15, 2006, a stipulation was filed in Case No. 05-1184T dismissing without prejudice the FET Refund Claims for the Relevant 2004/5 Tax Quarters for reasons set forth in ¶ 2 of the instant Complaint.

8. The instant Complaint therefore reasserts Plaintiff's FET Refund Claims for the Relevant 2004/5 Tax Quarters.

9. After the FET Refund Claims were filed for the Relevant 2004/5 Tax Quarters, I was personally involved in receiving and responding to the several supplemental requests for information from the IRS in response to the FET Refund Claims for the Relevant 2004/5 Tax Quarters.

10. The extent of my personal involvement in responding to these supplemental requests is set forth in the instant Complaint at paragraphs 21-23, 25-27, 38-44.

11. More specifically, on or about July 25, 2005, I received an informal request by telephone from IRS agent, John Taureillo, in the IRS Office in Sheffield, New Jersey for more information in support of the FET Refund Claims for the Relevant 2004/5 Tax Quarters which was responded to on July 29, 2005, as indicated in paragraph 23 of the Complaint.

12. I was also personally involved in the events described in paragraphs 25-27 of the instant Complaint, specifically in responding to the IRS Notice of August 2, 2005 by filing on August 12, 2005, the corrected FET Refund Claim for the Tax Quarter ending March 31, 2005.

13. After several weeks passed with no further word from the IRS, on or about September 9, 2005, I made a further status check by telephone to Agent Taureillo and left a voice mail message informing him that the purpose of my call was to check on the status of the FET Refund Claims of Plaintiff.

14. On or about September 12, 2005, Agent Taureillo returned my call of September 9, 2005 and advised me that despite the 11th Circuit's decision and the fact that the IRS had chosen not to appeal that decision, IRS had reinstituted its suspense policy on FET refund claims, i.e., that no telecommunications excise tax refund claims would be acted upon until other pending litigation on the right to refunds on such FET had completed the appellate process.

I hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

Charles H. Helein