IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-277 T
(JUDGE WOLSKI)

LOCUS TELECOMMUNICATIONS, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant, the United States, for its answer to plaintiff's complaint, denies each and every allegation that is not admitted or otherwise expressly addressed below. Defendant also:

1. Admits that this action is brought under §§ 6532 and 7422, Internal Revenue Code, seeking to recover Federal excise taxes, but denies that plaintiff is entitled to any recovery.
2. Admits the allegations contained in paragraph 2.
3. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.
4. Admits the allegations contained in paragraph 4.
5. Admits the allegations contained in paragraph 5.
6. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.

7. Admits that plaintiff seeks to recover Federal excise taxes, plus interest.

8. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Paragraph 12 contains a conclusion of law which requires no response.

13. Paragraph 13 contains plaintiff's paraphrasing of the statute and a conclusion of law which requires no response.

14. Paragraph 14 contains a conclusion of law which requires no response.

15. Paragraph 15 contains plaintiff's paraphrasing of the statute and a conclusion of law which requires no response.

16. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Paragraph 19 contains a conclusion of law which requires no response.

20. Defendant hereby incorporates its responses to the referenced paragraphs from the November 2005 complaint.

21. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the five Forms 8849 were filed with the IRS.

22. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Admits that the IRS has not taken individual action with respect to plaintiff’s claim for refund of excise taxes.

25. Admits the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26.

27. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Admits that the IRS has not taken individual action with respect to plaintiff's claim for refund of excise taxes.

29. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Admits that the IRS has not taken individual action with respect to plaintiff's claim for refund of excise taxes.

31. Paragraph 31 contains plaintiff's characterization of the decision in *American Bankers Insurance Group v. United States*, 408 F.3d 1328 (11th Cir. 2005), which requires no response.

32. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Admits that plaintiff sent a letter to the United States Department of the Treasury, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

34. Admits the allegations contained in paragraph 34.

35. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Defendant repeats its responses to the referenced paragraphs.

37. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45.

46. Admits that the IRS has not taken individual action with respect to plaintiff's 2004/2005 claims for refund of excise taxes.

47. Admits that the IRS will not take individual action with respect to the 2004/2005 claims for refund of excise taxes filed by plaintiff.

48. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Admits that the IRS has not taken individual action with respect to plaintiff's 2004/2005 claims for refund of excise taxes. Denies that defendant will not process overpayments if plaintiff establishes that its telephone service is covered by IRS Notice 2006-50 and substantiates the amounts claimed.

50. Denies the allegations contained in paragraph 50.

ADDITIONAL DEFENSES

51. The nature of plaintiff's communications services is not clear from the complaint. Because plaintiff paid federal excise tax on its own account, it appears that plaintiff is a communications services provider or reseller and it collected the federal excise tax from purchasers of its communications services. Accordingly, to the extent that plaintiff may establish that federal excise taxes are not due on the services at issue in this case, § 6415(a) bars

plaintiff from such recovery unless plaintiff establishes that it has repaid the claimed taxes to the purchasers from whom the taxes were collected or obtains the consent of the purchasers to the allowance of plaintiff's refund claims.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with all allowable costs assessed against plaintiff.

Respectfully submitted,

June 5, 2006
Date

s/G. Robson Stewart

G. ROBSON STEWART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

June 5, 2006
Date

s/Steven I. Frahm
Of Counsel

Attorneys for Defendant