IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 06-277 T
(JUDGE WOLSKI)

LOCUS TELECOMMUNICATIONS, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

DEFENDANT'S RESPONSE TO THE MOTION OF KDI DISTRIBUTION, INC., TO INTERVENE IN THIS CASE

---

On July 16, 2008, KDI Distribution, Inc. (KDI), filed a motion to intervene in this case pursuant to RCFC 24. Defendant opposes KDI's motion for the reasons set forth below.

**INTERVENTION UNDER RULE 24 IS NOT APPROPRIATE AT THIS JUNCTURE IN THIS TAX REFUND**

The primary issue in a tax refund suit is whether plaintiff can establish that its overpaid its taxes during the periods in suit. See *Lewis v. Reynolds,* 284 U.S. 281 (1932); *Dysart v. United States*, 340 F.2d 624 (1965). Though KDI's claim for refund is for tax arising under the same section of the Internal Revenue Code, § 4251, at issue in this suit, the facts which purport to support KDI's claim are distinct, at least in part, from the facts relating to Locus's claim. It is the facts peculiar to KDI that will determine whether it is entitled to a

refund. KDI's intervention in Locus's tax refund suit, the outcome of which hinges upon the facts underlying Locus's claim, is not appropriate. See *Lipsett v. United States*, 37 F.R.D. 549 (S.D.N.Y. 1965).

To the extent that KDI believes that its interests are threatened unless it is able to bring its claim to the attention of this Court, the proper course for KDI to follow is to file its own complaint seeking a refund of the tax, a notice of related case, and, if necessary, a motion for consolidation. RCFC 40.2 and 42.

Following this procedure also protects defendant's rights under the rules of the Court. The rules provide, *inter alia*, that defendant is entitled to 60 days to prepare its response to a complaint. RFCF 12. This 60-day period allows defendant to obtain the relevant IRS administrative file, prepare its response, and, if appropriate, prepare a counterclaim. KDI's intervention at this point would short-circuit defendant's opportunity under the rules to respond to KDI's claim through a formal pleading.

Defendant also has the right to conduct discovery with respect to claims brought against it. RCFC 26-37. At this juncture, it cannot be determined whether the discovery defendant has taken against Locus in this action will be adequate with respect to KDI's claim. KDI's intervention at this point in the proceedings would prejudice defendant's ability to take discovery with respect to the merits of KDI's claim because this case has

been pending for three years and the parties are preparing to file cross-motions for summary judgment.

Accordingly, the Court should deny KDI's motion to intervene in this action.

Respectfully submitted,

*s/G. Robson Stewart*
G. ROBSON STEWART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493

NATHAN J. HOCHMAN
Assistant Attorney General
STEVEN I. FRAHM
Acting Chief
Court of Federal Claims Section

*s/Steven I. Frahm*
Of Counsel

August 1, 2008
Date