**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LOCUS TELECOMMUNICATIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 06-00277T<br><br>Judge Victor J. Wolski |

**MEMORANDUM IN OPPOSITION TO KDI DISTRIBUTION, INC.'S MOTION TO INTERVENE**

## INTRODUCTION

Plaintiff, Locus Telecommunications, Inc, ("Locus") submits this Memorandum in Opposition to the Motion to Intervene submitted on behalf of KDI Distribution, Inc. d/b/a Krossland Communications ("KDI"). KDI's Motion fails to provide a basis to be granted intervention as a matter of right under Rule 24(a). And because KDI's intervention would result in prejudice to the parties, fail to serve the interests of judicial economy, permit a party without standing to become a party and would introduce extraneous issues two and one-half years after these cases were commenced that are not relevant to the core factual and legal issues the parties are preparing to brief and argue, there is no basis to grant intervention on a permissive basis.

## STATEMENT OF FACTS

### Background – Locus Paid the FET

Until May 2006, since 1965, the Internal Revenue Code ("IRC") imposed an excise tax of three percent (3%) on three types of communications services, local telephone service, toll telephone service, and teletypewriter exchange service (hereinafter "FET"). 26 U.S.C. § 4251.

For the years 2001 through and including 2004 and the first quarter of 2005 (the "Claims Period"), Locus paid the FET on "toll telephone service" (hereinafter referred to for convenience as "long distance" or "long distance services") defined as that for which "there is a toll charge [paid in the United States] which varies in amount with the distance and elapsed transmission time [call duration] of each individual communication ..." *Id.* § 4252(b) (emphasis added).

Because of competition and advances in network technologies, among other industry developments and changes, a number of years ago long distance service providers ceased charging for long distance services based on the distance a call traveled. Large corporate users of long distance services were the first to understand that this change undercut the continued application of the FET to their long distance services. With the elimination of distance as a factor in computing their charges these large users successfully sued to recover the FET they had paid. However, the IRS did not concede the point and litigation continued until on May 25, 2006, the IRS issued IRS Notice 2006-50, 2006 I.R.B. 25, that provided in relevant part:

> [...] the Internal Revenue Service will follow the holdings of *Am. Bankers Ins. Group v. United States*, 408 F.3d 1328 (11th Cir. 2005) (ABIG); *OfficeMax, Inc. v. United States*, 428 F.3d 583 (6th Cir. 2005); *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374 (D.C. Cir. 2005) (Amtrak); *Fortis v. United States*, 2006 U.S. App. LEXIS 10749 (2d Cir. Apr. 27, 2006); and *Reese Bros. v. United States*, 2006 U.S. App. LEXIS 11468 (3d Cir. May 9, 2006). These cases hold that a telephonic communication for which there is a toll charge that varies with elapsed transmission time and not distance (time-only service) is not taxable toll telephone service as defined in § 4252(b)(1) of the Internal Revenue Code. As a result, amounts paid for time-only service are not subject to the tax imposed by § 4251. Accordingly, the government will no longer litigate this issue [....] (emphasis added). Hereinafter referred to as "IRS Notice 2006-50".

During the Claims Period, Locus filed IRS Form 720 each calendar quarter and paid from its own gross revenues the FET on the long distance services it purchased from a variety of

wholesale service providers.[1] Locus did not pass on the FET to its customers. Upon learning of the court decisions holding that the FET did not apply to the services Locus was paying for, Locus filed IRS Forms 8849 for refunds of the FET it had paid. *See* Complaint at Exhibit 1.

**Status of the Complaints**

When the IRS did not act on Locus's refund claims, Locus filed its Complaint with this Court. *Locus Telecommunications, Inc. v. United States of America,* Case No. 1:05-cv-01184T (RHH) ("Case no. 1184T"). Because of a procedural matter, not relevant to Locus's claim for refunds, on March 14, 2006, Locus filed a Stipulation for Partial Dismissal and withdrew without prejudice the claims for refunds for the FET paid in 2004 and the first quarter of 2005 (the "2004-5 Claims"). On April 4, 2006, Locus filed a separate complaint for the refund of its 2004-5 Claims that is pending before this Court in *Locus Telecommunications, Inc. v. United States of America,* Case No. 1:06-cv-00277T (VJW) ("Case no. 0277T").

On May 25, 2006, the IRS issued its Notice 2006-50 acknowledging that the FET did not apply to long distance telephone service the charges for which were based only on duration. Shortly thereafter, the United States of America ("Defendant") filed its Status Report and Notice of Change of Position. In this submission, Defendant advised the Court that in accordance with IRS Notice 2006-50, it would file a motion to amend its answer to reflect that the excise tax did not apply to Locus's long distance telephone service and that Locus's counsel would be contacted with the goal of resolving any remaining issues, including the amount of any overpayment of telephone excise taxes due Locus.

On July 24, 2006, the parties filed their Joint Report and Motion to Suspend Proceedings in Case No. 1184T and Case No. 0277T (the "Cases") and informed the Court that the parties

[1] Locus is a prepaid calling card provider that sells the long distance services it purchases at wholesale to its customers (distributors and a small portion of end users).

were making efforts to settle the "damages" portion of the case in the aftermath of IRS Notice 2006-50. The parties jointly asked for a 90-day suspension of all further proceedings, which the Court granted. Until recently, the parties have renewed their requests for suspension of proceedings in the Cases at intervals of 90-days while the parties have attempted to settle the claims.

On July 28 and August 1, 2008, the parties notified the Court that while a significant portion of the claims in the Cases have been settled, the parties have not been able to reach a resolution on the remaining portion. Accordingly, the parties will now proceed by submitting cross-motions for summary judgment with respect to the issues presented by the remaining amount in controversy, namely whether or not Locus bore the economic burden of the tax and if so whether it is entitled to the refund. As represented to the Court, Plaintiff will file its Motion for Summary Judgment on September 15, 2008.

**Background – Locus Settlement Efforts**

During the period of time when the parties were attempting to settle the Claims, Locus submitted substantiation of its refund claims to the Defendant consisting of documents and sworn certifications that supported the fact that it had paid all the FET covered by the Claims Period, had not passed the tax on to its customers, had therefore borne the economic burden of the tax and was entitled to a full refund of the FET paid during the Claims Period. In partial satisfaction of Locus's burden of proof, Locus obtained the consents of most of its largest customers, its distributor customers.[2] Locus sought these consents and obtained them because Locus' distributors knew that they had not been charged and did not pay the FET to Locus and as proof that Locus paid the tax, did not pass it on and was entitled as the "taxpayer" to the refund

[2] KDI is a distributor customer.

of the wrongfully levied FET.

**KDI's Motion Fails to Disclose Its Consent To Locus' Recovery of the FET Refund**

In May 2006, Locus advised its distributor customers of its suits to recover the FET it had paid. *See* **Exhibit A.** On August 1, 2006, KDI provided Locus with its written consent that Locus seek and obtain the FET refund. *See* **Exhibit B.** KDI's consent expressly acknowledges that Locus had claims for refunds of the FET paid on services provided to KDI pending before this Court. In particular, KDI's consent provides, *inter alia,* that:

> "We understand that Locus has filed for refunds of the federal excise taxes paid on the communications services it provides by means of the prepaid cards we sell and that it has claims pending before the United States Court of Federal Claims in connection with these refunds.
>
> Being duly authorized on behalf of our company and as provided for in 26 U.S.C. § 6415(a), this letter constitutes the company's irrevocable consent that Locus recover the refunds of the federal excise taxes for which it has filed with the Internal Revenue Service and for which it has claims pending before the United States Court of Federal Claims in Locus Communications Inc. v. United States, Case No. 1:05-cv-1184T." *Id.*

KDI's consent was duly executed by its Vice President, Mr. Jay Lee and delivered to Locus.

In July 2007, KDI contacted Locus about its intent to revoke its consent. Locus responded to KDI's notice of revocation through counsel in a letter of July 12, 2007 that advised KDI that because the FET was paid by Locus, KDI could not have paid it and was not entitled to a refund; and that the FET in question was subject to two pending suits filed with this Court. *See* **Exhibit C.** However, only now has KDI thought to assert an interest by seeking intervention.

**ARGUMENT**

**KDI Intervention Is Not Justified**

KDI has made a request for intervention as a matter of right pursuant to RCFC 24(a). When ruling upon a motion to intervene as of right the court must consider the timeliness of the motion as well as whether the Applicant has a "significant legal interest" in the subject of the

pending litigation, such that the disposition of the action may impair or impede the proposed intervenor's ability to protect their legal interest. Applicant has neither timely filed its Motion nor does it have a significant legal interest in the pending litigation.

**KDI's Motion to Intervene Is Not Timely Filed**

RCFC 24(a) requires that an application for intervention must be "timely." Three factors are considered in determining timeliness: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his right to intervene in the case before he applied to intervene; (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention; and (3) existence of unusual circumstances militating either for or against a determination that the application is timely. *Belton Inds., Inc. v. United States,* 6 F.3d 756, 762 (Fed. Cir. 1993) (citing *Sumitomo Metal Ind. Ltd. v. Babcock & Wilcox,* 669 F.2d 703, 707 (C.C.P.A. 1982).

**KDI's Motion Comes Over 2 Years After Notice of Locus' Claims**

The IRS issued its statement changing its policy on the applicability of the FET on May 25, 2006. Also in May 2006, as part of Locus' efforts to gather evidence of its having paid the FET itself, KDI, along with 18 other similarly situated customers, was given written notice of Locus' suit to recover the refunds of the FET paid on KDI's and these other customers' services and their consent to Locus' doing so. *See* **Exhibit A.** On August 1, 2006 KDI gave Locus with its irrevocable consent to seek the FET refund. *See* **Exhibit B.** No other action was taken by KDI after August 1, 2006 until July 2007. At this time KDI notified the IRS that it revoked its irrevocable consent and intended to make a claim for the refund of the FET paid on its services. On July 12, 2007, Locus had its counsel advise KDI that its claim was invalid. *See* **Exhibit C.**

Still KDI took no action to intervene until its recent motion was filed. KDI's motion does not disclose this history and therefore offers no explanation or justification for the length of time KDI let pass before it filed its motion. These circumstances weigh heavily in favor of finding that the length of time KDI took to file its motion is excessive and unjustified.

**KDI's Late Filed Intervention Is Prejudicial to the Rights of the Parties**

KDI's intervention will interject extraneous issues that the parties have been attempting to resolve informally for over the past two years. In those efforts, Locus has gone to great expense to produce documentary and sworn statements to meet its burden of proof that it has the right to the refund of the FET it paid on KDI's and all other customers' services. On December 8, 2006 Locus submitted copious documents and sworn statements in support of its having paid the FET tax. On April 11, 2008, Locus submitted additional documents and proofs that it paid the FET.

These showings, albeit made in settlement efforts, should be given decisional weight in deciding to reject KDI's Motion. That is, Locus has spent substantial sums and time to document its claim of economic burden. It is not like cases in which a claimant has not yet undertaken to make its case so that little prejudice would result from allowing an untimely intervention. On the contrary, Locus' substantial efforts and expenditures of significant sums to carry its burden of proof should entitle it to have that proof examined by the courts because if it meets the applicable burden of proof it would be dispositive of KDI's claim as well. By Locus' showing that it bore the economic burden, it is impossible for KDI to present a plausible showing that it paid the FET and indeed lacks any standing to make a claim on which it right to intervene depends. Allowing KDI's intervention under these circumstances is highly prejudicial to the

parties and completely at odds with the principal of judicial economy that is necessary to permit intervention.

**The Circumstances Militate Against A Determination of Timeliness**

KDI has offered no unusual circumstances to justify its untimely filing. Indeed, to the extent any circumstances surrounding KDI's motion can be called unusual, they support denial of the motion not only as untimely, but also as devoid of any showing of cognizable legal interest.

**KDI Does Not Have A Significantly Protectable Interest**

RCFC 24(a)(2) requires that KDI demonstrate (1) an interest in the subject matter of the litigation; (2) an impairment of that interest if intervention is denied; and (3) inadequate representation of its interests by the parties in the action. KDI has not done so and cannot do so. A significantly protectable interest is one that is "legally protectable." *Am. Mar. Transp., Inc.*, 870 F.2d at 1561; *see also Conference v. Kelley,* 747 F.2d 777, 779 (D.C. Cir. 1984); *Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir. 1987). The interest must be more than a mere economic interest, and not indirect or contingent. *Am. Mar. Transp., Inc.,* 870 F.2d at 1561. Finally, intervention is proper only if the proposed intervenor's interests are "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Id. (citation omitted).* The interest thus may not be either indirect or contingent. *See, e.g., New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 434 (1984); *Dilks v. Aloha Airlines, Inc.,* 642 F.2d 1155, 1157 (9th Cir. 1981) (per curiam); *see also American Renovation and Construction Co. v. United States,* 65 Fed. Cl. 254, (2005).

KDI's interests are not direct. It did not pay the FET on its services, Locus did. KDI's

interests are contingent. To prevail, KDI must show why it, like all other customers of Locus like KDI granted its irrevocable consent to have Locus recover the refund; why all other like-kinded customers did not attempt to revoke their consents,[3] why all other like-kinded customers have made no complaint to Locus since its recovery in December 2007 of over $14 million in refunds and must show how it alone of all like-kinded customers paid the tax while they did not.

In addition, standing to recover the refund of any tax wrongfully collected is limited to the party that paid the tax. For excise taxes, Section 6415 of the Internal Revenue Code expressly provides that the party who collects and pays over an excise tax may recover a refund if it is shown that repayment has been made to the persons from whom they were collected; or, that the consent of such persons has been obtained for the party that collected and paid over the excise tax to receive the refund. In addition to these two express statutory requirements, however, if the party that paid the excise tax establishes that it did not collect the tax from others, but paid the tax itself, it will have borne the "economic burden of the tax" and be entitled to recover the refund of the excise tax paid. This is what Locus did. Locus absorbed the excise tax itself. It did not pass the excise tax on to its customers. Locus bore the economic burden of the tax and is the only party with standing to seek the refund and the right to receive it.

Over the two-plus years this case has been pending Locus and the United States have narrowed the issues such that the only issues remaining before the Court for determination on the parties' cross-motions for summary judgment are (1) whether Locus is entitled to the refund on

[3] Two other like-kinded Locus customers did revoke their consents but the court may take judicial notice that neither has made any effort to intervene in these cases; nor to Locus' knowledge attempted to claim a credit for the FET on their corporate tax returns as it is believed KDI has. The court may also take judicial notice that the practice followed in the IRS administrative process is to (1) honor revocations of consents without questioning the validity of such revocations, until (2) the IRS agent in charge of the process concludes his/her review of the application for refunds based on consents after which no revocations of consents are considered.

the basis that it bore the economic burden; and (2) whether Locus did in fact bear the economic burden of the tax. Therefore, Applicant does not and cannot have a significant protectable legal interest in this action.

Finally, if Applicant believes it is entitled to a portion of any refund awarded to Locus, contrary to the assertions made in its motion, KDI is not without a remedy. KDI may litigate its claims in a private suit against Locus. *See e.g., Arndt v. United States,* 493 F.Supp. 552 (S.D. Tex. 1980).

**CONCLUSION**

Based on the foregoing, Locus respectfully requests that the Motion to Intervene be denied.

Respectfully submitted,
Locus Telecommunications, Inc.

Date: August 4, 2008 By Charles H. Helein /s/

Charles H. Helein
Helein & Marashlian, LLC
Counsel of Record
1483 Chain Bridge Road, Suit 301
McLean, VA 22102
703-714-1301
chh@commlawgroup.com

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LOCUS TELECOMMUNICATIONS INC. | ) | |
| Plaintiff, | ) | Case No. 06-00277T |
| v. | ) | Judge Victor J. Wolski |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2008, I electronically filed Locus Telecommunications, Inc.'s **Memorandum In Opposition To KDI Distribution, Inc.'s Motion To Intervene** with the Clerk of the Court using the ECF system which will send notification of such filing to the following attorneys of record:

G. Robson Stewart
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
202-307-6493

Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550

Charles H. Helein/sc

Charles H. Helein
Helein & Marashlian, LLC
Counsel of Record
1483 Chain Bridge Road, Suit 301
McLean, VA 22102
703-714-1301
chh@commlawgroup.com

# Exhibit A

To Whom It May Concern::

Locus would like to take a moment to thank you for being a valued customer and to inform you on recent changes affecting our tax liabilities.

As you know, we do not separately charge taxes and other surcharges for sales of our products. Locus assumes these taxes and surcharges on behalf of our customers and pays the proper taxing agencies or assessors. Since the start of operations, Locus has paid the federal excise tax (FET) to the Internal Revenue Service (IRS) with respect to the prepaid telephone cards we sell to our distributor customers.

Within the last few years, Locus has been researching the current tax code to challenge the collection of the FET. This has led our company to initiate a claim against IRS for a possible refund. At the same time, a string of court decisions has been handed down that states the FET does not apply to certain telecommunications services unless the charges are based on both distance and duration. The communications services Locus provides, by means of prepaid cards, are based only on the duration of the calls made. Hence Locus strongly believes the FET does not apply to these communications services.

As a result, Locus has filed a claim with the IRS for refunds of the FET that our company has paid since 2001. A review of Locus' claim is pending before the United States Court of Federal Claims in *Locus Communications, Inc. v. United States*, Case No. 1:05-cv-1184T.

Attached is a letter that simply reaffirms that because Locus' sales prices do not include taxes nor does Locus otherwise separately charge taxes on its sales and hence does not collect the FET on top of the value of each prepaid card that we sell, we are requesting these facts simply be acknowledged by printing the letter on your letterhead, sign, date and return. The signed letter will assist Locus with our pending case by expediting the process of receiving a possible refund of the FET even though the matter is still being decided by the IRS.

Your cooperation in assisting Locus recover our federal excise tax is greatly appreciated. If you have any questions or concerns, please call your sales executive for further assistance.

Best Regards,

Sam Lee, Controller
Locus Telecommunications, Inc.
111 Sylvan Ave
Englewood Cliffs, NJ 07632

Tel. 201-585-3633
Email samlee@locus.net

To Whom It May Concern :

Locus would like to take a moment to thank you for being a valued customer and to inform you on recent changes affecting our tax liabilities.

As you know, we do not separately charge taxes and other surcharges for sales of our products. Locus assumes these taxes and surcharges on behalf of our customers and pays the proper taxing agencies or assessors. Since the start of operations, Locus has paid the federal excise tax (FET) to the Internal Revenue Service (IRS) with respect to the prepaid telephone cards we sell to our distributor customers.

Within the last few years, Locus has been researching the current tax code to challenge the collection of the FET. This has led our company to initiate a claim against IRS for a possible refund. At the same time, a string of court decisions has been handed down that states the FET does not apply to certain telecommunications services unless the charges are based on both distance and duration. The communications services Locus provides, by means of prepaid cards, are based only on the duration of the calls made. Hence Locus strongly believes the FET does not apply to these communications services.

As a result, Locus has filed a claim with the IRS for refunds of the FET that our company has paid since 2001. A review of Locus' claim is pending before the United States Court of Federal Claims in *Locus Communications, Inc. v. United States*, Case No. 1:05-cv-1184T.

Attached is a letter that simply reaffirms that because Locus' sales prices do not include taxes nor does Locus otherwise separately charge taxes on its sales and hence does not collect the FET on top of the value of each prepaid card that we sell, we are requesting these facts simply be acknowledged by printing the letter on your letterhead, sign, date and return. The signed letter will assist Locus with our pending case by expediting the process of receiving a possible refund of the FET even though the matter is still being decided by the IRS.

Your cooperation in assisting Locus recover our federal excise tax is greatly appreciated. If you have any questions or concerns, please call your sales executive for further assistance.

Best Regards,

Sam Lee, Controller
Locus Telecommunications, Inc.
111 Sylvan Ave
Englewood Cliffs, NJ 07632

Tel. 201-585-3633
Email samlee@locus.net

LB International
847 G. Quince Orchard
Gaithersburg, MD 20878

Dear Mr. Soo Hong Lee:

We are responding to your inquiry in regards to the federal excise tax letter and consent form mailed to your company in May of this year. To clarify our request, we are confirming that LB International will not assume any liability for the federal excise tax (FET) by signing the consent form.

If you have any questions, please contact me or your Locus sales representative.

Best regards,

Sam Lee,
Controller

# Exhibit B

Locus Telecommunications, Inc.
111 Sylvan Avenue
Englewood Cliffs, NJ 07632

Attn: Sam Lee, Controller, Director of Accounting

To whom it may concern:

Our company provides pre-paid calling cards to various entities and the general members of the public. At various times since 2001 and currently, we have purchased from Locus the supplies of the pre-paid cards we sell.

We understand that Locus has filed for refunds of the federal excise taxes paid on the communications services it provides by means of the prepaid cards we sell and that it has claims pending before the United States Court of Federal Claims in connection with these refunds.

Being duly authorized on behalf of our company and as provided for in 26 U.S.C. § 6415(a), this letter constitutes the company's irrevocable consent that Locus recover the refunds of the federal excise taxes for which it has filed with the Internal Revenue Service and for which it has claims pending before the United States Court of Federal Claims in *Locus Communications, Inc. v. United States*, Case No. 1:05-cv-1184T.

Very truly yours,

Signature [signature]

Print Name Jay Lee

Address 7721 Stanton Ave

Buena Park, CA 90620

KDI DISTRIBUTION, INC.

# Exhibit C

The CommLaw Group

HELEIN & MARASHLIAN, LLC
1483 Chain Bridge Road
Suite 301
McLean, Virginia 22101

Telephone: (703) 714-1300
Facsimile: (703) 714-1330
E-mail: mail@CommLawGroup.com
Website: www.CommLawGroup.com

Writer's Direct Dial Number
703-714-1301

Writer's E-mail Address
chh@commlawgroup.com

July 12, 2007

**VIA FACSIMILE AND REGISTERED MAIL**
**714-228-9901**

Jay Lee
Vice President
Krossland Communications, Inc.
7771 Stanton Avenue
Buena Park, CA90620

Dear Mr. Lee:

This firm represents Locus Telecommunications, Inc. ("Locus"). Locus has notified us that your company, Krossland Communications, Inc., has attempted to revoke its irrevocable consent to Locus' collection of the federal excise tax (FET) it paid on the telecommunications services provided to your company. Your attempted revocation of the consent constitutes an attempt to defraud. Should your company continue to pursue its revocation it will be exposed to civil liability for any costs and damages sustained by Locus, as well as the liability created by making false and fraudulent claims to the U.S. government.

First, your company's consent, which you personally executed, is irrevocable. That consent is a binding legal commitment that may not be repudiated by a mere assertion that contradicts your express and voluntary action.

Secondly, the attempted revocation is contradicted by Locus corporate policy consistently applied and implemented of paying the FET itself. Records of those payments have been submitted to the Internal Revenue Service, the United States Department of Justice and filed with the United States Court of Federal Claims. These records, as well as others, prove that Locus paid the FET and did not pass it through to its customers, including, of course, your company. Since the FET was paid by Locus, your company could not have paid it. Because your company has not paid the FET, it is not entitled to its refund.

Based on information we have obtained, it appears clear that your claim is based on advice from Refco. It is true that a taxpayer may file a claim for FET paid on telecommunications services. However, *you must provide proof of having paid the FET as claimed* or, not only will your claim be rejected, but you or your company will be exposed to the possibility of an inquiry into making false statements to the government.

The advice Refco has provided to you is legally and factually wrong and under the circumstances may constitute a fraudulent conspiracy that is being perpetrated through interstate commerce using the United States mail all of which when proven true would constitute separate Federal offenses. As indicated, that advice is either based on a lack of knowledge and understanding of all the relevant facts and laws or intentionally ignores those facts and the applicable laws. Making such a claim under these circumstances exposes you and your company to making a false claim and a conspiracy to do so, whether intentionally or unwittingly. As such, you and your company risk exposure to both civil and criminal liability.

Obviously this matter is one entailing serious consequences. However, if you have evidence you believe supports your claim, we will promptly review it. While we are advising the IRS by copy of this letter, we will delay bringing these facts to the attention of the Department of Justice until you have had an opportunity to provide facts, documents and other evidence of any credible basis for your actions. Finally, if you need assistance withdrawing your revocation, please contact me or your Locus representative.

For Locus Telecommunications, Inc.

By ______________________
Charles H. Helein
Its Counsel

cc: Michael A. Gagne
Internal Revenue Service

Michael.A.Gagne@irs.gov

Michael A. Gagne ID # 06-02356
Internal Revenue Service
SB/SE Compliance Group 3
5th Floor
150 Court Street
New Haven, CT 06510