IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LOCUS TELECOMUNICATIONS INC.

Plaintiff.

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-277T

Sr. Judge Robert H. Hodges, Jr.

**KDI DISTRIBUTION, INC.'S REPLY TO LOCUS'S OPPOSITION AND THE GOVERNMENT'S RESPONSE TO KDI'S MOTION TO INTERVENE**

Proposed intervenor KDI Distribution, Inc. d/b/a Krossland Communications, Inc. ("KDI") submits this reply to Locus Telecommunications Inc.'s ("Locus's") Opposition to KDI's Motion for Leave to Intervene ("Opposition") and to the Government's Response to KDI's Motion for Leave to Intervene in the above-captioned case. Contrary to the allegations of Locus and the Government, KDI has standing to participate is this case, and its participation will not prejudice either Locus or the Government.

Indeed, because KDI is the taxpayer, and it and Locus are seeking the same telephone excise tax refund, the interests of efficiency and justice can only be served, and the risk that the Government will have to refund the same tax can only be avoided, by resolving KDI's and Locus's claims in a single forum that yields a single judgment binding on all parties. The Court should therefore either allow KDI to intervene in this case or grant KDI's Motion to Consolidate this case and its own Complaint seeking the

refund at issue.

**BACKGROUND**

As the Court is aware, on June 19, 2006, the IRS published Notice 2006-50, 2006-25 I.R.B. 1141, in which it sunset the telephone excise tax on long distance services and offered to refund the telephone excise tax paid by taxpayers from March 2003 through July 2006. On January 29, 2007, in Notice 2007-11, 2007-5 I.R.B. 405, the Service expressly extended the right to these refunds to the first *non*-carriers in the prepaid telephone card ("PTC") distribution chain. *Id.*, § 6(c).

KDI is a distributor of PTCs. Consistent with the IRS's directives, on or about August 2, 2007, it timely filed a claim for refund of the telephone excise tax that had been collected and remitted by Locus, the carrier that provided KDI with PTCs. After auditing the refund claim the IRS issued an informal notice of disallowance dated June 20, 2008, in which it refused to refund the taxes KDI paid through Locus. It gave two reasons: "Locus … is currently involved in litigation with the government concerning its entitlement to the refund of telephone excise taxes and KDI … signed an irrevocable consent letter to allow Locus … to recover the refunds of the federal excise taxes."

Based on the Service's rationales for disallowing its refund claim, on July 16, 2008 KDI filed a Motion to Intervene in this case, and on July 31, 2008 KDI filed a refund Complaint, Notice of Related Cases, and Motion to Consolidate (attached hereto as Attachment A). As the statutory taxpayer and the entity that paid all of the money received by Locus for the PTCs that are the subject of KDI's refund claim, KDI is entitled to the refund.

Because the refund can only be given to one entity, and both Locus and KDI claim it, KDI should be permitted to intervene in the instant case. If the Court determines that KDI has not met the Rule 24(a) standard for intervention of right, KDI requests in the alternative that its Motion to Consolidate be granted, which will have the same practical effect.[1] KDI's participation in either fashion will advance the public's strong interest in the efficient and orderly administration of justice and avoid the possibility of inconsistent judgments. The Court will then hear arguments from both claimants and the Government concerning which claimant is entitled to the refund in question, and issue a single judgment that will bind all of the parties.

**ARGUMENT**

Locus offers three reasons for denying KDI's Motion for Leave to Intervene: (1) untimeliness; (2) prejudice to Locus; and (3) lack of standing. None withstands scrutiny.

**A. KDI's Motion is Timely**

In August 2006, KDI executed a letter (drafted by Locus) that purported to give KDI's "irrevocable consent that Locus recover the refunds of the federal excise taxes for which it has filed with the Internal Revenue Service …." Exhibit B to Locus Opposition.[2] Approximately one year later—in July 2007—KDI sent a letter to Locus rescinding the

---

1 This procedural option was endorsed by the Government in its Response to the Motion of KDI to Intervene. *See* Government Response at 2.

2 As discussed below, the consent letter did not say on whose behalf Locus was seeking the refunds in question. And the cover letter that accompanied it included a number of statements that are either misleadingly ambiguous or incorrect, *e.g.,* that "Locus' sales prices do not include taxes."

purported "consent" and explaining that "[a]s the taxpayer that paid the tax, this entity intends to claim the [refund] to which it is legally entitled." Rescission Letter from KDI to Locus (attached hereto as Attachment B). KDI copied the IRS on the revocation, and shortly thereafter filed its own refund claim. As noted above, that claim was informally disallowed by the Service in June 2008. Approximately one month later KDI filed the instant Motion to Intervene and its own refund Complaint.

KDI's Motion to Intervene is not untimely. Motions for summary judgment have not yet been filed on the dispositive issue in this case—which entity bore the economic burden of the tax. Moreover, KDI had no reason to believe that Locus and the IRS would not honor KDI's revocation of its "consent," given that the revocation was transmitted to Locus and the Service over a year before Locus filed a motion seeking a declaration of its entitlement to the taxes paid from the funds it collected from KDI.[3]

**B. KDI's Intervention Will Not Prejudice Locus**

Because KDI is willing to forego discovery on the issue of economic burden, neither Locus nor the Government will be prejudiced by KDI's participation in the summary judgment proceedings on this issue. Assuming KDI is granted access to the documentary evidence already in the record, it seeks no change to the summary judgment schedule set forth in the Joint Status Report of August 15. Under this schedule, Locus will file a Motion for Summary Judgment on September 15, and the Government and Locus will file Oppositions and Cross Motions in accordance with the

Court's rules.

**C. KDI Has Standing to Intervene**

Locus's contention that KDI lacks standing to participate in this proceeding is premised on a number of conclusions of law and statements of fact that are both critical to Locus's argument and incorrect. In particular, Locus's standing argument hinges on its contentions that KDI has no legally protectable interest in the refund in question; that Locus bore the economic burden of the tax (even though it paid the tax with funds collected from KDI and its other customers); and that KDI's "consent" to have Locus claim its refund was unambiguous, valid, and irrevocable. As detailed below, none of these assertions can survive scrutiny.

**First**, because KDI "claims an interest relating to the property or transaction which is the subject of the action and … is so situated that the disposition of the action may as a practical matter impair or impede [KDI's] ability to protect that interest," RCFC 24(a)(2), KDI unquestionably has standing to participate in this lawsuit.[4] The refund will be given to either KDI or Locus, but not both. If Locus is awarded the refund, KDI's ability to protect its interest will plainly be impaired. Locus concedes as much it its Opposition: "if [Locus] meets the applicable burden of proof it would be dispositive of KDI's claim as well." Locus Opposition at 7.

---

[3] KDI sent its revocation letter in July 200**7**, and Locus's Motion for Summary Judgment is not due to be filed until September 15, 200**8**.

[4] *See Brookner v. United States*, 27 Fed. Cl. 423, 424 (1993) ("in the absence of a statutory right, a person seeking to intervene must have an interest in the transaction in suit that would be vindicable in its own right under the court's existing jurisdiction").

Indeed, KDI's interest in the subject of this action is so tangible and immediate that had it not moved to intervene, the Court or another party could almost certainly have required its joinder pursuant to RCFC 19(a) as a person that

> claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[5]

Against this background, allowing all of the interested parties—KDI, Locus, and the Government—to plead their cases to one tribunal, and be bound by that tribunal's decision, promotes the interests of efficiency and the orderly administration of justice. On the other hand, resolving the cases separately, as suggested by Locus, would needlessly consume judicial, governmental, and private resources, and could conceivably result in the Government being forced to pay the appropriate refund (plus interest) twice.

Locus's argument that KDI has no protectable interest in the subject matter of the instant lawsuit is even weaker. Pursuant to Section 4251(d)(1) of the Internal Revenue Code of 1986, as amended ("Code"),[6] and Treas. Reg. § 49.4251-4(d)(1),[7] KDI—the

---

5 *See Klamath Irrigation Dist. v. United States*, 64 Fed. Cl. 328, 329 (2005) ("the findings required by RCFC 24(a)(2) are identical to those required by RCFC 19(a)(2), dealing with joinder of persons needed for just adjudications, revealing an obvious symmetry between these two gatekeeper provisions").

6 "[I]in the case of communications services acquired by means of a prepaid telephone card—(A) the face amount of such card shall be treated as the amount paid for such communications services, and (B) *that amount shall be treated as paid when the card is transferred by any telecommunications carrier to any person who is not such a carrier*." 26 U.S.C. § 4251(d)(1) (emphasis added).

first non-carrier in the PTC distribution chain—is the taxpayer. Locus, an FCC-certified interstate common carrier, is merely a collection agent for the tax.

**Second**, Locus contends that KDI lacks standing to participate in this case because Locus bore the economic burden of the tax. But that has not been established; to the contrary, it will be the focus of the forthcoming summary judgment motions, in the course of which Locus will be required to demonstrate the validity of its argument by a preponderance of the evidence. *Tenneco v. United States,* 17 Cl. Ct. 345, 350 (1989), *aff'd*, 899 F.2d 1227 (Fed. Cir. 1990) (table). Given that Locus's entire revenue stream (including the funds used to pay the tax) is and was provided by customers such as KDI, Locus's claim that it somehow bore the economic burden of the tax is likely to fail. As the Code and the IRS's regulations recognize, KDI paid the excise tax to Locus when it purchased PTCs from Locus, and Locus then remitted the tax portion of the payments to the IRS.

**Third**, Locus makes a great deal of KDI's putative consent to Locus's pursuit of its claim to a refund of the taxes in question. But there are a number of problems with this "consent." More than a year ago, KDI sent a letter to Locus withdrawing its "consent" and informing Locus that "as the taxpayer that paid the tax, [KDI] intends to claim the [telephone excise tax refund] to which it is legally entitled." *See* Rescission Letter from KDI to Locus. Locus copied the IRS on this correspondence. Both Locus

---

[7] "Under section 4251(d), the section 4251(a) tax is imposed on the transfer of a PTC by a carrier to a transferee. *The person liable for the tax is the transferee*." 26 C.F.R. § 49.4251-4(d)(1) (emphasis added). "Transferee" is defined as "the first person that is not a carrier to whom a PTC is transferred by a carrier." *Id.* § 49.4251-4(b).

and the IRS were thereby placed on notice that KDI believed that it was entitled to the refund in question and intended to claim it.

Moreover, although one of the two bases for the IRS's rejection of KDI's refund claim was that KDI had "signed an irrevocable consent letter to allow Locus … to recover the refunds of the federal excise taxes," the IRS (and Locus) have taken steps that acknowledge the validity of KDI's rescission letter. Specifically, when Locus and the Government executed and filed a Joint Stipulation settling part of the instant case seven months ago, KDI was not on the list of "customer[s] … that provided consents and the corresponding amounts of FET for which the IRS has paid refunds to [Locus]." Joint Stipulation for Partial Dismissal of Proceedings at 1 and Schedule A (January 22, 2008).

Finally, because KDI's "consent" to allow Locus to claim KDI's refund was secured through misrepresentation and is both ambiguous and lacking in consideration,[8] either the "consent" was void *ab initio* or KDI's revocation of it was valid. In its cover letter to the consent form, Locus stated without support or substantiation that "Locus' sales price do not include taxes … and hence [Locus] does not collect the FET on top of the value of each prepaid card that we sell …." Letter from Locus to Customer, Exhibit A to Opposition. That statement was simply untrue—Locus, having

---

[8] If Locus's letter is to be taken at face value, because KDI waived its right to an excise tax refund in excess of $3 million in exchange for … nothing, the agreement is void for lack of consideration. *See Harvey v. NYRAC, Inc.*, 813 F. Supp. 206, 212 (E.D.N.Y. 1993) ("It is axiomatic that a contract must be supported by consideration which, under New York law, 'may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.'" (quoting *Holt v. Feigenbaum,* 419 N.E.2d 332, 336 (N.Y. 1981))).

no PTC revenue other than amounts paid by customers such as KDI for cards, inevitably included the federal excise tax in the price of its product, even if there was no line item on each invoice labeled "federal excise tax." *See Riviera Mfg. Inc. v. United States*, 307 F. Supp. 916, 918 (D. Colo.1969) ("[P]laintiff urges that it did not list the tax on its invoices. The courts have consistently held that this is not sufficient to prove that the taxpayer bore the burden of the tax."), *aff'd*, 440 F.2d 780 (10th Cir. 1971). The letter also contained misrepresentations by silence, as when it failed to note that KDI, and not Locus, is the statutory taxpayer under the Code and the IRS's regulations.

These critical lapses were buttressed by calculated ambiguity. One searches the letter in vain for a statement that by signing the customer is surrendering its [statutory] rights to the refund in question to the carrier. The consent letter did not say on whose behalf Locus was seeking the refunds in question; it simply said that "[t]he signed letter will assist Locus with our pending case by expediting the process of receiving a refund …." Letter from Locus to Customer, Exhibit A to Opposition. Based on the letter's language, a customer such as KDI could reasonably have concluded that Locus had filed refund claims on behalf of statutory taxpayers such as KDI, and intended to pay any money secured over to its rightful owners.[9] Locus's cover letter and consent form

[9] This calculated ambiguity stands in sharp contrast to Locus's reaction when KDI rescinded its alleged consent and stated its intention to claim the excise tax refund to which it was legally entitled. Locus's counsel reacted with a series of decidedly unambiguous threats, including baseless accusations of "fraudulent conspiracy that is being perpetrated through interstate commerce using the United States mail all of which when proven true would constitute separate Federal offenses" and threats of other unspecified "civil and criminal liability." Letter from Locus's Counsel to KDI, Exhibit C to Opposition. Locus's counsel neglected to advise KDI to consult counsel, although he did magnanimously offer his services "if you need assistance withdrawing your revocation." *Id.*

are so confusing and misleading that one of Locus's customers believed that by signing the form it could incur additional excise tax liability.[10] Against this background, Locus should not be permitted to claim that KDI "consented" to allow Locus to jump KDI's claim and obtain the refund to which KDI is entitled.

**CONCLUSION**

Because KDI and Locus both seek the same federal excise tax refund, the Court should allow KDI to participate in this case, either as an intervenor or through consolidation of the present proceeding with KDI's own pending claim for the refund. Either course will promote the public interest in the efficient use of judicial resources and in eliminating the risk of inconsistent outcomes, and will prejudice neither Locus nor the Government.

Respectfully submitted,

s/ Stephen J. Rosen

Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550
Fax 202-223-0833

Attorneys for KDI Distribution, Inc.
August 15, 2008

---

10 In response, Locus felt compelled to "clarify" its request by "confirming that LB International will not assume any liability for the federal excise tax (FET) by signing the consent form." Letter from Locus to LB International, Exhibit A to Opposition.

# ATTACHMENT A

## KDI Complaint, Notice of Related Cases, and Motion to Consolidate

RC 068421
FILED
JUL 31 2008
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KDI DISTRIBUTION, INC. | |
| v. | No. 08-550 T |
| THE UNITED STATES | |

**COMPLAINT**

KDI Distribution, Inc. d/b/a Krossland Communications ("KDI"), brings this action for refund of telephone excise taxes in the amount of $3,387,438.30 collected by KDI's supplier of prepaid telephone cards ("PTCs"), Locus Telecommunications Inc. ("Locus"). In Notice 2007-11, the Internal Revenue Service conceded that the telephone excise tax has been misapplied to the PTCs purchased by transferees such as KDI, and stated that such transferees were entitled to a refund of this tax. Locus, however, both before the IRS and in this Court, has claimed the right to these refunds, stating that it bore the economic burden of the tax. Because the IRS has sensibly refused to refund the excise tax paid by KDI to either KDI or Locus until this Court determines which party is entitled to the refund, KDI has filed this Complaint, and an accompanying notice of directly related cases and motion to consolidate. In addition, KDI has filed a motion for leave to intervene in Locus's refund suits.

Plaintiff, by its attorneys, for its complaint herein, alleges as follows:

1. KDI brings this action under §§ 6532 and 7422 of the Code (26 U.S.C. §§ 6532 and 7422) for a refund of Federal excise taxes collected by Locus from KDI and paid to

the Defendant United States of America from March 1, 2003 through July 31, 2006, and statutory interest.

## THE PARTIES

2. KDI is a California corporation whose corporate headquarters and principal place of business are located at 7771 Stanton Ave., Buena Park, CA 90620.

3. KDI's Employer Identification Number is 33-0824201.

4. Locus is an FCC licensed common carrier, providing interstate and international prepaid telephone service.

5. Locus is located at 111 Sylvan Ave., Englewood Cliffs, NJ 07632.

6. Defendant is the United States of America.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1491.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1491.

## FACTS AND LAW

9. KDI seeks to recover Federal excise taxes in the amount of $3,387,438.30, with interest as provided by law.

10. KDI paid the taxes at issue from March 1, 2003 through July 31, 2006.

11. During this period of time, KDI purchased international PTCs from Locus.

12. As required by § 4291 of the Code, Locus collected Federal excise tax from KDI in an amount of $3,387,438.30, remitted the tax to the Internal Revenue Service, and reported the tax on Forms 720.

13. On or about August 2, 2007, KDI timely filed claims for refund on a Form 8913 attached to KDI's amended federal income tax return for the year 2006. These claims satisfied the requirements of §§ 6532 and 7422 of the Code.

14. Attached hereto as Exhibit A is a true and correct copy of the Form 8913 filed for March 1, 2003 through July 31, 2006 by KDI.

15. The Internal Revenue Service has not allowed any of these claims for refund. More than six months has passed since the filing of the refund claims.

16. Section 4251(a) of the Code imposes an excise tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

17. Section 4251(d)(1)(B) of the Code states that when "communications services" are sold through PTCs, "that amount shall be treated as paid when the card is transferred by any telecommunications carrier to any person who is not such a carrier."

18. Locus is an FCC licensed common carrier, providing interstate and international prepaid telephone service.

19. KDI, as the first non-carrier in the PTC distribution chain, is the taxpayer entitled to seek a refund of the tax paid on the PTCs KDI purchased from Locus.

20. In Notice 2007-11, 2007-5 I.R.B. 405, the IRS explicitly stated that "PTC[s] will be treated as nontaxable service unless a PTC expressly states it is for local-only service." *Id.* at § 6(a)(1).

21. Because none of the international PTCs at issue in this refund request state that the cards are for local-only service, the tax paid on these cards should be refunded.

22. In a letter dated June 20, 2008, the Service denied the portion of KDI's refund claim that was paid through Locus because: (1) KDI "signed an irrevocable consent letter to allow Locus ... to recover the refunds of the federal excise taxes for which it has

filed with the" IRS; and (2) Locus "is currently involved in litigation with the government concerning its entitlement to the refund of telephone excise taxes." On information and belief, the litigation referenced in the Service's letter is Court of Federal Claims case Nos. 05-1184T and 06-277T, captioned as *Locus Telecommunications, Inc. v. United States.*

23. The Service should not have attached any significance to the "irrevocable consent letter" because: (1) KDI promptly revoked the "consent" and copied the IRS on the revocation well before Locus sought a refund of the excise tax collected from KDI; (2) Locus obtained the "consent" through fraud and intimidation; and (3) the "consent" was unsupported by consideration.

24. Locus's refund claims in this Court are similarly meritless because with respect to communications excise taxes Locus was a collection agent, not a taxpayer, and it has not demonstrated that it bore the economic burden of the tax. As such, Locus is not entitled claim a refund of the taxes it collected from KDI.

25. By reason of the foregoing, KDI has overpaid its Federal excise tax for the period March 1, 2003 through July 31, 2006.

26. Defendant has refused or failed to refund any part of the overpayment.

27. KDI is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

WHEREFORE, KDI prays for judgment against the United States in the sum of $3,387,438.30 representing overpayments in tax, interest thereon as provided by law, and such other and further relief that this Court deems equitable and proper.

Respectfully submitted,

Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550
Fax 202-223-0833

Counsel for KDI Distribution, Inc.

Dated: 7/31/08

# Attachment

# KDI Distribution, Inc. Form 8913

Form **8913**

Department of the Treasury
Internal Revenue Service

# Credit for Federal Telephone Excise Tax Paid

▶ See the separate instructions.

▶ Attach to your income tax return.

OMB No. 1545-2051

**2006**

Attachment Sequence No. 63

| Name(s) as shown on your income tax return | Identifying number |
|---|---|
| KDI Distribution, Inc. DBA Krossland Communications, Inc. | 33-0824201 |

Enter the federal telephone excise tax billed during each period as listed in column (a) of lines 1–14 below.

By filing this form, you are certifying that you (1) have not received from your service provider a credit or refund of the tax paid on long distance service or bundled service billed after February 28, 2003, and before August 1, 2006, and (2) will not ask your provider for a credit or refund or have withdrawn any request submitted to the provider for a credit or refund.

**Caution.** See the instructions for explanations of the services that qualify for a credit or refund of the federal telephone excise tax.

| | Amount of federal excise tax on long distance or bundled service only | | | |
|---|---|---|---|---|
| **(a) Bills dated during:** | **(b) Long distance service** | **(c) Bundled service** | **(d) Tax credit or refund (add columns (b) and (c))** | **(e) Interest** (see instructions) |
| 1 March, April, and May 2003 | $ | $ 17,916 18 | $ 17,916 18 | $ 3,705 22 |
| 2 June, July, and August 2003 | | 32,622 45 | 32,622 45 | 5,876 31 |
| 3 September, October, and November 2003 | | 33,867 12 | 33,867 12 | 5,977 23 |
| 4 December 2003; January and February 2004 | | 49,017 60 | 49,017 60 | 7,914 54 |
| 5 March, April, and May 2004 | | 126,185 01 | 126,185 01 | 18,595 27 |
| 6 June, July, and August 2004 | | 326,815 08 | 326,815 08 | 45,516 20 |
| 7 September, October, and November 2004 | | 313,622 10 | 313,622 10 | 41,414 26 |
| 8 December 2004; January and February 2005 | | 363,605 25 | 363,605 25 | 45,062 17 |
| 9 March, April, and May 2005 | | 392,197 53 | 392,197 53 | 44,658 68 |
| 10 June, July, and August 2005 | | 426,295 59 | 426,295 59 | 43,897 24 |
| 11 September, October, and November 2005 | | 443,633 91 | 443,633 91 | 40,109 22 |
| 12 December 2005; January and February 2006 | | 494,420 94 | 494,420 94 | 38,747 01 |
| 13 March, April, and May 2006 | | 608,471 79 | 608,471 79 | 39,641 44 |
| 14 June and July 2006 | | 386,004 90 | 386,004 90 | 19,513 86 |
| 15 Add lines 1–14 in columns (d) and (e) | | | $ 4,014,675 45 | $ 400,528 77 |
| 16 Total credit or refund requested. Add columns (d) and (e) on line 15. Enter here and on Form 1040, line 71; Form 1040A, line 42; Form 1040EZ, line 9; Form 1040EZ-T, line 1a; Form 1040NR, line 69; Form 1040NR-EZ, line 21; Form 1120, line 32g; Form 1120-A, line 28g; Form 1120S, line 23d; Form 1041, line 24f; Form 1041-N, line 17; Form 1065, line 23; Form 990-T, line 44f; or the proper line of other returns ▶ | | | | $ 4,415,204 22 |

**For Paperwork Reduction Act Notice, see page 2.** Cat. No. 37723M Form **8913** (2006)

FILED
JUL 31 2008
U.S. COURT OF
FEDERAL CLAIMS

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KDI DISTRIBUTION, INC.<br><br>v.<br><br>THE UNITED STATES | No. 08-550 T |

**RCFC 40.2 NOTICE OF DIRECTLY RELATED CASES AND MOTION TO CONSOLIDATE**

Pursuant to RCFC 40.2(a), KDI Distribution, Inc. d/b/a Krossland Communications ("KDI"), declares that the following earlier-filed cases are directly related to KDI's above-captioned excise tax refund suit and requests consolidation with these cases: (1) Case No. 06-00277T, *Locus Telecommunications, Inc. v. United States*; and (2) Case No. 05-01184T, *Locus Telecommunications, Inc. v. United States.*

These cases are "directly related" within the meaning of RCFC 40.2(a)(1) because they "are based on the same … claims." Specifically, KDI has filed claims with the IRS claiming entitlement to a refund of the telephone excise tax it has paid on its purchases of prepaid telephone cards ("PTCs") from Locus Telecommunications, Inc. ("Locus"). Locus has also filed refund claims (and the accompanying, previously denominated, lawsuits) for the excise tax paid by KDI. KDI and Locus are therefore claiming the right to the same telephone excise tax refunds.

As the first non-carrier in the chain of PTC distribution (*i.e.*, the transferee), KDI—not Locus—is the taxpayer entitled to claim excise tax refunds. Section 4251(d)(1) of the Internal Revenue Code of 1986, as amended ("Code") declares that "in the case of

communications services acquired by means of a prepaid telephone card—(A) the face amount of such card shall be treated as the amount paid for such communications services, and (B) *that amount shall be treated as paid when the card is transferred by any telecommunications carrier to any person who is not such a carrier*."

In Treas. Reg. § 49.4251-4(d)(1), the Service reiterated that transferees are the taxpayers: "Under section 4251(d), the section 4251(a) tax is imposed on the transfer of a PTC by a carrier to a transferee. *The person liable for the tax is the transferee*."

In its operative Notice on telephone excise tax refund claims, I.R.S. Notice 2007-11, 2007-5 I.R.B. 405 (2007), the Service further clarified that the transferee is entitled to the refund. The IRS, citing § 4251(d) of the Code and Treas. Reg. § 49.4251-4(d)(1), stated that "The transferee is the person liable for the tax paid on a PTC and thus generally is the person eligible to request a credit or refund of the tax it paid ...." *Id.* at § 6(c).

Against this background, KDI filed a Form 8913 (Credit for Federal Telephone Excise Tax Paid) in conjunction with its 2006 income tax return. This refund claim was audited by the IRS, which, in a letter dated June 20, 2008, disallowed refunds of any taxes paid through Locus because, *inter alia*, "Locus ... is currently involved in litigation with the government concerning its entitlement to the refund of telephone excise taxes." In the Service's view, KDI and Locus have filed the same refund claims, only one of which can be allowed.

Payment of the refund to KDI precludes payment of the refund to Locus, and vice-versa. KDI therefore respectfully requests that the cases be consolidated or that the Court order a joint hearing or trial on the issue of which entity is entitled to this

excise tax refund. As stated in RCFC 42(a), "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions [or] it may order the actions consolidated." Because the "cases share common issues of fact and law and because consolidation would promote judicial economy and obviate a substantial risk of inconsistent judgments," *Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798, 802 (2004), the Court should either consolidate the cases or order a joint trial or hearing to determine which claimant is entitled to the refund.

Respectfully submitted,

Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550
Fax 202-223-0833

Counsel for KDI Distribution, Inc.

Dated: 7/31/08

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KDI DISTRIBUTION, INC. | ) | |
| v. | ) | No. __ |
| THE UNITED STATES | ) | |

## PROPOSED JUDGMENT ENTRY AND ORDER

This matter came before the Court this __ day of __________ 2008 upon KDI Distribution, Inc.'s Motion To Consolidate. The Court finds the Motion well taken.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that KDI Distribution, Inc.'s Motion To Consolidate be granted.

IT IS SO ORDERED.

______________________
Judge

# ATTACHMENT B

## Rescission Letter from KDI to Locus

**LEVINE, BLASZAK, BLOCK & BOOTHBY, LLP**
2001 L STREET, NW SUITE 900
WASHINGTON, D. C. 20036
(202) 857-2550
FAX (202) 223-0833

---

**TO: MICHAEL GAGNE** **Fax No.** (203) 781-3030

**COMPANY: IRS**

[X] For your information [] Per our conversation

**FROM:** Steve Rosen

**Telephone No.:** (202) 857-2570

DATE: July 9, 2007 TIME: ________________

**NOTES:**

Please find attached a letter from KDI Distribution, Inc. d/b/a Krossland Communications ("KDDI") to Locus Telecommunications rescinding any TETR "assignments" of claim that KDDI might have entered into with Locus.

Do not hesitate to contact me with any questions regarding this matter.

---

[ ] Mail Original
[ ] UPS/Courier Original
[ ] File Original
[ ] Notify Client before sending

Client: 512.11

[ ] Return to sender

Contact: Michael Gagne

Phone No. (203) 781-3081

This facsimile contains privileged and confidential information intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address.

KROSSLAND COMMUNICATIONS, INC.
7771 Stanton Ave.
Buena Park, CA 90620
Tel: 714-228-9900
Fax: 714-228-9901

Locus Telecommunications, Inc.
111 Sylvan Avenue
Englewood Cliffs, NJ 07632

To Whom It May Concern:

It has come to our attention that an employee of this entity might have attempted to assign to Locus Telecommunications our right to collect the telephone excise tax refund (TETR) to which this entity is entitled. This attempted assignment is hereby rescinded. As the taxpayer that paid the tax, this entity intends to claim the TETR to which it is legally entitled.

Sincerely,

Jay Lee
Vice President

Cc: Revenue Agent Michael Gagne
IRS